GEORGE T. ALKER, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*Evidence — action for salary — when leave of absence without pay may be shown to have been taken under compulsion.*

This action was brought by the plaintiff to recover the salary alleged to be due to him as a clerk of the board of assessors, for the months of July and August, in the years 1877 and 1878. The defense was that in each of those years the plaintiff had written a letter to the tax commissioners, requesting a leave of absence for those months, without pay, and that such request had been granted. The plaintiff offered to show that such letters were written in consequence of a message sent to him by the tax commissioners, to the effect that if he did not write to them such a letter he would be removed, and that the tax commissioners had, in each year, told the chairman of the board of assessors that the plaintiff would have to take these vacations without pay, to enable them to save sufficient money out of their appropriation to pay men appointed in the department, at the instance of certain members of the legislature who had been looking after the interests of the department at Albany.

*Held,* that the court erred in excluding the evidence.

APPEAL by the plaintiff from a judgment, entered on the dismissal of his complaint at the circuit.

*Charles P. Miller,* for the appellant.

*D. J. Dean,* for the respondent.

BRADY, P. J. :

This action was brought to recover the salary to which the plaintiff was entitled, as claimed, for July and August, 1877, and for the same months in the year 1878, as clerk of the board of assessors.

Upon the trial, it appeared on the part of the defendant that on the twenty-seventh of June, in each of the years named, he made a request, in writing, to the tax commissioners for leave to be absent from duty, without pay, during the months of July and August, and that such request was granted by the board. The plaintiff offered to show in response that these letters were written in consequence of a message sent to him by the tax commissioners, to the effect that if he did not write them he would be removed ; and his counsel offered to prove, in this connection, that the tax commissioners had, in each year, told Mr. Asten, who was the chairman of the board of assessors, that the plaintiff would have to take these vacations without pay, to enable them to save sufficient money out of their appropriation to pay men, appointed in the department at the instance of certain members of the legislature who had been looking after the interests of the department at Albany. This was objected to, not, however, as appears from the case, because it was presented in the form of an offer, but generally, and it was excluded. It appears also, in addition to this, that Mr. Asten was asked whether he had any conversation with the tax commissioners relative to the two months' vacation given to Mr. Alker, which was excluded. He was then asked whether he had any conversation with any tax commissioner, which was also excluded. Then it was asked with what commissioner he had the communication, and that was also excluded. The plaintiff himself was asked, after the letters were introduced, whether, before writing either of them, he received any notice or communication from the head of the department. The

question was objected to and excluded. He was then asked whether he was informed by any one in the tax department that if he did not write the letters he would be removed, which question was excluded upon objection. He was then asked if he wrote the letters of his own free will, and that was excluded upon objection. Exceptions were duly taken to all these rulings thus made adversely to the plaintiff's case. The plaintiff testified that he performed no services during the months named, it is true, but he said further that he was not permitted to render them, although he was on hand and ready to do his duty.

We do not consider it necessary to make any very extended examination of the question presented in this case. It seems to be very clear that the plaintiff was entitled to prove the asserted fact considered, and to have his case submitted to the jury for their consideration, with reference to the defense set up and the response to it. The threat of the tax commissioners to remove the plaintiff if he should not apply for a vacation to enable them to accomplish the objects stated, the offer to prove which was rejected, was, assuming it to be true, clearly illegal, and cannot be sustained on any principle recognized in jurisprudence. The plaintiff was entitled to his salary as long as he was ready to render the services and was not removed, and the refusal to permit him to render them when he was prepared to do so was equivalent to a performance.

The commissioners had no power to suspend him for the object in view, it being one which could not be entertained for one moment, because the policy of the law, contemplating as it did a *quasi* compensation to members of the legislature for services rendered by them in their legislative capacity, forbids it.

The reasons why such a proceeding should not be tolerated could be multiplied if necessary; but the mere statement of the proposition seems to be in itself quite sufficient to suggest the conclusion that the answer of the plaintiff to the alleged defense of the defendant must be triumphant, if sustained.

The evidence offered by the plaintiff should have been received, and the case should have been submitted to the jury for their determination on the issue it created, and it was error therefore to dismiss the complaint.

For these reasons the judgment should be reversed and a new trial ordered, with costs to abide the event.

DANIELS and BARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.